IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAUL RUSESABAGINA, TACIANA MUKANGAMIJE, ANAISE UMUBYEYI KANIMBA, AIMEE-LYS RUSESABAGINA, CARINE ISERE KANIMBA, AIMEDIANE RUSESABAGINA, TRESOR RUSESABAGINA, AND ROGER RUSESABAGINA, <br><br> *Plaintiffs,* <br><br> vs. <br><br> GAINJET AVIATION, S.A., CONSTANTIN NIYOMWUNGERE, <br><br> *Defendants.* | <u>Civil Action No. 5:20-1422-XR</u> |

**PLAINTIFFS' STATUS REPORT
REGARDING SERVICE OF PROCESS**

This Status Report responds to the Court's Order dated April 30, 2021, ECF 3, requiring the Plaintiffs to file an Advisory to the Court detailing all attempts at service on Defendants. Plaintiffs respectfully state as follows:

1

1. Plaintiffs filed their complaint on December 14, 2020, naming as defendants GainJet Aviation, S.A. and Constantin Niyomwungere.

2. Also on December 14, 2020, Plaintiffs emailed a representative of Defendant GainJet requesting contact information for GainJet's domestic registered agent in the United States. The representative of Defendant GainJet did not reply.

3. Plaintiffs also emailed the Federal Aviation Administration (FAA) on December 14, 2020 requesting information on whether GainJet has a registered agent within the United States who can accept legal service on behalf of GainJet Aviation S.A. The FAA did not reply. A follow-up email sent on December 15, 2020 also received no reply.

4. Plaintiffs translated their Complaint into Greek and received an affidavit and certification of translation on February 16, 2021.

5. Plaintiffs' process server made contact with the Ministry of Greece on February 22, 2021 to obtain and confirm protocol for formal service on Defendant pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly known as the "Hague Service Convention."[1]

---

[1] *Opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163 (entered into force for the United States Feb. 10, 1969).

6. On February 25, 2021, Plaintiffs' process server signed a Request for Service Abroad of Judicial or Extrajudicial Documents in accordance with Article 5(a) of the Hague Service Convention. *See* Exhibit 1.

7. Pursuant to the Hague Service Convention Article 5, on February 26, 2021 Plaintiffs' process server transmitted the Summons and Complaint to be served upon Defendant GainJet Aviation, S.A. via Federal Express to the Greek Committee on Private International Law in Greece. *See* Exhibit 2. Plaintiffs also sent a courtesy email on that date to the Greek Ministry of Justice. Federal Express service shows delivery of the package to the Ministry of Foreign Affairs on March 2, 2021. *See* Exhibit 2.

8. On March 8, 2021, Plaintiffs mailed a notice of claim for damages and a demand for preservation of evidence to Defendant GainJet at their address in Greece. *See* Exhibit 3.

9. On May 4, 2021 Plaintiffs' process server signed an affidavit of service of petition and summons through the Hague Service Convention. *See* Affidavit.

10. As of the date of this filing, Plaintiffs are waiting for the Greek Ministry of Justice to serve GainJet at its headquarters in Athens, Greece. Plaintiffs understand that such service by the Ministry of Justice on Greece-based defendants

in U.S. litigations can often take anywhere from four months to twelve months. Plaintiffs will receive an affidiavit and notice via mail when service is perfected.

11.     Plaintiffs have not taken any steps to obtain service of the complaint on Defendant Constantin Niyomwungere. Plaintiffs believe that Mr. Niyomwungere currently resides in Burundi. Burundi is not a signatory to the Hague Service Convention. It is Plaintiffs' current intention to dismiss Mr. Niyomwungere from the lawsuit pursuant to FRCP 41(a)(1)(A)(i) after service has been perfected on Defendant Gainjet.

12.     It is also Plaintiffs' present intention, after service has been perfected on Defendant GainJet, to amend their complaint against GainJet. Plaintiffs expect these amendments to include additional details regarding the kidnapping and torture of Mr. Rusesabagina, and Defendant GainJet's role in that unlawful conduct, such as:

   a. Defendant GainJet's pilot espressly informed Mr. Rusesabagina that they were flying him to Bujumbura, Burundi;

   b. Defendant Gainjet's pilot and flight crew stood idly by and watched as Mr. Rusesabagina was tied up by the the hands and legs, his eyes covered, and his mouth gagged;

   c. The Rwandan government paid for the GainJet flight;

d. GainJet's coconspirator, Mr. Niyomungere, gave statements to the Rwanda Investigation Bureau in February and August of 2020 admitting that he had helped to kidnap Mr. Rusesabagina.

Respectfully Submitted,

**HILLIARD MARTINEZ GONZALES LLP**

Date: May 13, 2021

By: */s/ Robert C. Hilliard*
**Robert C. Hilliard**
State Bar No.09677700
bob@hmglawfirm.com
719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
T: (361) 882-1612
F: (361) 882-3015

AND

**HILLIARD SHADOWEN LLP**
Steve D. Shadowen
PA State Bar No. 41953
steve@hilliardshadowenlaw.com
(*Pro hac vice* forthcoming)
1135 W. 6th St., Suite 125
Austin, Texas 78703
T: (717) 903-1177

**COUNSEL FOR PLAINTIFFS**